UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERK'S OFFICE

2004 OCT 12  A 11: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

DENNIS M. DONOVAN,

                   Plaintiff,

    v.

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.,
ROBERT M. GAULT, individually, and
PETER J. MARATHAS, JR., individually,

                   Defendants.

Case No.:  04-12110 (MLW)

## PLAINTIFF'S MOTION TO IMPOUND COMPLAINT

Plaintiff, Dennis M. Donovan ("Donovan"), by his attorneys, Dan Solin, Esq. and Cain Hibbard Myers & Cook, PC, move the Court for an order directing that the Complaint filed in this action be impounded until further order of the Court to prevent a dispute between Donovan and Raytheon Company ("Raytheon"), a non-party, regarding the disclosure of confidential information.  The grounds for this motion are as follows:

1.     Donovan filed this action for legal malpractice against the Defendants on October 4, 2004.  The Complaint alleges that the Defendants committed legal malpractice by failing to ensure the enforceability of benefits under Donovan's employment agreement with Raytheon.

2.　　Donovan engaged in an arbitration with Raytheon in 2003. The resulting award was confirmed by this Court in Civil Case No. 02-10909. Many of the facts relevant to the malpractice case are related to the arbitration proceeding.

3.　　Certain confidentiality obligations exist between Donovan and Raytheon. Donovan believes that those obligations are limited, but Raytheon has claimed that they are broad and expansive.

4.　　After Donovan unsuccessfully attempted to resolve the confidentiality issues with Raytheon, he filed an action for declaratory judgment against Raytheon and several individual Defendants, under Civil Case No. 04-11980, to clarify the scope of the obligations. The declaratory judgment action is in its early stages.

5.　　Donovan has attempted to avoid any areas of possible confidentiality in the Complaint filed in this action, but because the scope of the obligations is unresolved, he requests that the Complaint be impounded until it is clear that the allegations will not be the subject of a dispute with Raytheon.

6.　　The impoundment is requested until further order of the Court because it is uncertain when the declaratory judgment action will be resolved. If the return of the Complaint to Donovan is required in the post-impoundment period, Donovan's counsel will take custody of the Complaint directly from the Clerk.

7.　　A copy of the Complaint that Donovan seeks to impound is not attached as an Exhibit to this motion to avoid having an additional copy of the Complaint in the record, which would require further impoundment.

8.    Donovan refers the Court to the Memorandum of Law submitted with this motion.

WHEREFORE, Plaintiff, Dennis M. Donovan, requests that the Court issue an order impounding the Complaint filed in Civil Action No. 04-12110 until further order of the Court and directing that the Clerk of the Court delete any electronic copies on file.

## REQUEST FOR ORAL ARGUMENT

**Dennis M. Donovan,**
Plaintiff
By His Attorneys,

_____
Daniel R. Solin, Esq. (BBO# 556342)
66 West Street, 3rd Floor
Pittsfield, Massachusetts 01201
(413) 443-7800

_____
Kevin M. Kinne, Esq. (BBO# 559004)
David E. Valicenti, Esq. (BBO# 632980)
CAIN HIBBARD MYERS & COOK, PC
66 West Street, 3rd Floor
Pittsfield, Massachusetts 01201
(413) 443-4771

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on October, 8, 2004.

_____
David E. Valicenti

3