UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

FILED
IN CLERKS OFFICE

2004 OCT 12  A 11: 44

U.S. DISTRICT COURT
DISTRICT OF MASS.

DENNIS M. DONOVAN,

   Plaintiff,

v.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C., ROBERT M. GAULT, individually, and PETER J. MARATHAS, JR., individually.

   Defendants.

Case No. 04-12110 (MLW)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO IMPOUND COMPLAINT

Plaintiff, Dennis M. Donovan ("Donovan"), requests that the Court issue an order impounding the Complaint in this action to avoid a dispute regarding confidentiality with Raytheon Company ("Raytheon").

### FACTS AND PROCEDURAL HISTORY

Donovan is a human resources executive who was formerly employed by Raytheon. The Defendants provided legal representation to Donovan regarding his employment agreements with Raytheon. Despite the Defendants' assurances that certain benefits in his employment agreement were binding upon Raytheon, Raytheon has not provided the benefits to Donovan.

Donovan engaged in an arbitration with Raytheon in 2003. The resulting award was confirmed by this Court in Civil Case No. 02-10909. Donovan commenced this action for malpractice against the Defendants on October 4, 2004. Many of the facts relevant to the

malpractice case relate to the arbitration proceeding. Limited confidentiality obligations exist between Donovan and Raytheon. However, Raytheon, through its counsel, has taken the position that the confidentiality obligations are broad and expansive.

Donovan's counsel conferred with Raytheon's counsel in an attempt to resolve the confidentiality issues prior to the filing of this action, but no agreement was reached. (See Affidavit of David E. Valicenti at ¶2). Donovan filed an action for declaratory judgment against Raytheon, under Civil Case No. 04-11980, to clarify the scope of the confidentiality obligations. The declaratory judgment action is in its early stages.

Donovan did not delay until the resolution of the declaratory judgment action to file this action because the statute of limitations on the malpractice claim was running. Donovan seeks $20 million from the Defendants in the malpractice case (not including multiple damages and attorneys fees sought under M.G.L. c. 93A). While Donovan does not believe that the Complaint violates any confidentiality obligations, because the scope of those obligations is unresolved, he seeks to have the Complaint impounded until they are resolved.

## ARGUMENT

Every court has supervisory power over its own records and files. See *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). The decision to deny access to judicial records is left to the sound discretion of the trial court. Discretion is to be exercised in light of the relevant facts and circumstances of the particular case. *Id.* While judicial records are usually open to public access, confidential information may be properly withheld from public disclosure. See *Campbell Soup Co. v. Giles*, 47 F.3d 467, (1st Cir. 1995) (allowing motion to impound).

In this case, Donovan seeks to impound the Complaint to avoid any dispute over confidential information with Raytheon. The scope of confidentiality between Donovan and Raytheon is at issue and is the subject of the separate declaratory judgment action in this Court. Donovan simply seeks to assert his malpractice claim now to avoid a statute of limitations defense, without being subject to a claim for breach of confidentiality by Raytheon. The potential damage to Donovan, in the form of exposure to Raytheon, is serious harm that warrants the requested relief. Impoundment of the Complaint is appropriate under these circumstances. See *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (impoundment should be granted if disclosure will work a clearly defined and serious injury to the party seeking closure); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818 (2d Cir. 1997) (District Court did not abuse its discretion by sealing file based on parties confidentiality agreement).

## CONCLUSION

For the reasons set out above, Plaintiff respectfully requests the Court issue an order impounding the Complaint filed in Civil Action No. 04-12110 until further order of the Court and directing that the Clerk of the Court delete any electronic copies on file.

                               **Dennis M. Donovan,**
                               Plaintiff
                               By His Attorneys,

                               _____
                               Daniel R. Solin, Esq. (BBO# 556342)
                               66 West Street, 3rd Floor
                               Pittsfield, Massachusetts 01201
                               (413) 443-7800

                                                        _____
                                                        Kevin M. Kinne, Esq. (BBO# 559004)
                                                        David E. Valicenti, Esq. (BBO# 632980)
                                                        CAIN HIBBARD MYERS & COOK, PC
                                                        66 West Street, 3rd Floor
                                                        Pittsfield, Massachusetts 01201
Dated: October 8, 2004                    (413) 443-4771

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on October, 8, 2004.

                                                        _____
                                                        David E. Valicenti