UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DENNIS M. DONOVAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-12110-MELW |
| | ) | |
| MINTZ, LEVIN, COHN, FERRIS, | ) | |
| GLOVSKY AND POPEO, P.C., | ) | |
| ROBERT M. GAULT, individually, and | ) | |
| PETER J. MARATHAS, JR., | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO IMPOUND COMPLAINT**

The plaintiff, Dennis Donovan ("Donovan"), has filed a claim for legal malpractice against Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin"), Robert M. Gault ("Gault") and Peter J. Marathas, Jr. ("Marathas") (collectively the "defendants"). Several days after initiating this lawsuit, Donovan filed a Motion to Impound Complaint (the "Motion"). In the Motion Donovan contends that "[m]any of the facts relevant to the malpractice case are related" to an earlier arbitration proceeding in which he engaged with Raytheon Company ("Raytheon"), his former employer. Motion, ¶ 2. Donovan alleges that "[c]ertain confidentiality obligations exist between [he] and Raytheon," and that he and Raytheon disagree about the scope of those obligations. *Id.*, ¶ 3. Consequently, Donovan has moved to seal the Complaint until the scope of the confidentiality obligations has been resolved through a declaratory judgment proceeding he has filed against Raytheon. *Id.*, ¶¶ 4, 5.

The defendants believe Donovan's Motion should be denied for at least three reasons. First, it is apparent from the face of the Complaint that it does not contain sensitive or confidential information entitling it to be sealed. Second, the Motion is moot because the Complaint has been publicly available since it was filed on October 4, 2004, and, therefore, cannot possibly be said still to contain "confidential" information. And third, Donovan has failed to articulate any specific and identifiable harm sufficient to overcome the strong presumption mandating public access to court filings.

I.    DONOVAN'S MOTION SHOULD BE DENIED BECAUSE (1) THE COMPLAINT DOES NOT CONTAIN CONFIDENTIAL INFORMATION, (2) DONOVAN HAS FAILED TO IDENTIFY SPECIFIC, SEVERE HARM THAT WOULD RESULT FROM THE COMPLAINT NOT BEING SEALED, AND (3) DONOVAN HAS FAILED TO DISCLOSE THE CONFIDENTIALITY OBLIGATIONS THAT ALLEGEDLY EXIST BETWEEN RAYTHEON AND HIM.

Judicial records and documents filed with the Court in the course of litigation are presumed to be open to the public. *See Nixon v. Warner Communications, Inc.* 435 U.S. 589 (1978); *Federal Trade Commission v. Standard Financial Mgmt. Corp., et al.*, 830 F.2d 404, 412-13 (1st Cir. 1987). Only the "most compelling reasons can justify non-disclosure of judicial records". *Standard Financial Mgmt.*, 830 F.2d at 410 *quoting In re Knoxville News-Sentinal Co.*, 723 F.2d 470, 478 (6th Cir. 1983). Impoundment is justified only after a demonstration of "specific, severe harm" which will result from the disclosure of information to the public. *See, Standard Financial Mgmt.*, 830 F.2d at 412, *citing Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("a finding of good cause [to impound documents] must be based on a particular factual demonstration of potential harm, not on conclusory statements"); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("a naked conclusory statement [of feared harm] falls woefully short of the kind of showing which raises even an arguable issue" as to impoundment).

A review of the Complaint filed by Donovan reveals that it does not contain any confidential or other sensitive information entitling it to be impounded. Rather, it states in only the most general terms that the defendants allegedly committed legal malpractice by failing to insure that an officer of Raytheon was authorized to sign an amendment to Donovan's employment agreement. Indeed, Donovan himself "does not believe the Complaint violates any confidentiality obligations" between Raytheon and himself. Plaintiff's Memorandum of Law in Support of Motion to Impound Complaint, p. 2.

Further, the Complaint has been a matter of public record since approximately October 4, 2004, available not only from the clerk's office but through the Court's web site. Thus, as a matter of law the information in the Complaint is no longer confidential, and whatever "specific, severe harm" might result from the disclosure of that information has already occurred.[1]

Finally, and perhaps most importantly, Donavan has neither provided the "most compelling reasons" nor identified the "specific, severe harm" that might justify impounding the Complaint. Instead, he merely alleges that "[l]imited confidentiality obligations exist between Donovan and Raytheon," and that "to avoid any potential exposure to Raytheon," the Complaint should be impounded until the scope of those obligations is clarified through the declaratory judgment action he has filed against Raytheon.[2] Plaintiff's Memorandum of Law in Support of Motion to Impound Complaint, pp. 2, 3. These, however, are the very sort of naked conclusory

---

[1] Donavan offers no explanation for why, if the filing of the Complaint constitutes a breach of his confidentiality obligations to Raytheon, that breach could be cured through the *ex post facto* impounding of the Complaint.

[2] The cases cited by Donavan are inapposite. In *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059 (3d Cir. 1984), the Court of Appeals found that the trial court abused its discretion by impounding certain hearing transcripts, and ordered the transcripts unsealed. *DiRussa v. Dean Witter Reynolds, Inc.,* 121 F.3d 818 (2d Cir. 1997), merely articulates the longstanding principle that discovery materials, as distinguished from Court Orders, Opinions and filings, are ordinarily not available to the public.

statements that the courts routinely have found are insufficient to warrant a pleading being sealed.

The fact is that neither the Court nor the defendants can determine whether Donovan's request for impoundment is justified unless and until we are provided with a copy of the entire document that contains the alleged confidentiality obligations between Donovan and Raytheon. For their part, the defendants would be willing to reassess the legitimacy of Donovan's request if and when he furnishes them with a copy of that document. Until then, it seems clear that no compelling reason exists, and no specific, severe harm has been identified, that warrants the Complaint being sealed. Therefore, Donovan's Motion should be denied.

## II.    CONCLUSION

For all of the forgoing reasons, Plaintiff's Motion to Impound Complaint should be denied.

Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS
GLOVSKY AND POPEO, P.C.,
ROBERT M. GAULT, individually
PETER J. MARATHAS, JR., individually,

By their attorneys,

/s/ Paul D. Popeo
Robert S. Frank, Jr. (BBO No. 177240)
Kevin P. Light (BBO No. 300110)
Paul D. Popeo (BBO No. 567727)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA  02109
(617) 248-5000

Dated:  October 21, 2004

3759316v2