UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS M. DONOVAN,<br>            Plaintiff,<br><br>    v.<br><br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY<br>AND POPEO, P.C., ROBERT M. GAULT,<br>individually, and PETER J. MARATHAS, JR.,<br>individually,<br>            Defendants | CIVIL ACTION NO.<br>04-12110 MELW |

## EMERGENCY MOTION TO IMPOUND
## CONFIDENTIAL DOCUMENTS

Raytheon Company ("Raytheon") moves to impound the exhibits that the defendants shall imminently file as attachments to their Motion to Dismiss. Raytheon further moves to impound the defendants' Memorandum in Support of Motion to Dismiss which quotes from the same confidential documents. As grounds for this Motion, Raytheon states the following:

An arbitration proceeding was conducted in an employment contract dispute between the plaintiff in this action, Dennis M. Donovan, on the one hand, and Raytheon as Mr. Donovan's former employer on the other. The proceeding was not public, and the documents introduced at that proceeding as exhibits are likewise not public.

After the arbitration award was issued, Mr. Donovan and Raytheon negotiated a Settlement Agreement that included confidentiality provisions.

Raytheon contends that the documents here at issue are covered by the confidentiality requirements of the Settlement Agreement and of the arbitration proceedings. Raytheon does not disclose employment terms internally (to other employees), except on a needs to know basis, or

- 2 -

externally, except as mandated by law.  Therefore, the documents at issue are of a nature that Raytheon believes should not be publicly available.  Raytheon further contends that the defendants to this action are only in possession of such documents because they were formerly attorneys/agents of Mr. Donovan, and that the defendants should therefore be bound by the same confidentiality requirements as their former client/principal.

Raytheon therefore moves for an order impounding the exhibits to the Motion to Dismiss, and the Memorandum in Support of the Motion to Dismiss, which quotes from those documents. Raytheon has expressly been informed by defendants' counsel that the defendants shall refrain from filing such exhibits electronically pending the resolution of Raytheon's Motion to Impound. Raytheon requests that the court take such interim steps as are necessary to keep the exhibits and memorandum out of the public domain pending a hearing on this Motion to Impound.

RAYTHEON COMPANY

By its Attorneys,

/s/ Joan A. Lukey_____
Joan A. Lukey (BBO# 307340)
Gabrielle R. Wolohojian (BBO #555704)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
 (617) 526-6000

Dated:  October 26, 2004