UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 OCT 26  P 3: 13

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| DENNIS M. DONOVAN,         Plaintiff,<br><br>v.<br><br>MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C., ROBERT M. GAULT, individually, and PETER J. MARATHAS, JR., individually,<br><br>        Defendants. | Civil Action No. 04-12110-MLW |

## DEFENDANTS' MOTION TO DISMISS

The plaintiff, Dennis Donovan ("Donovan"), has sued Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin"), and two partners of the firm, Robert M. Gault and Peter J. Marathas, Jr. (collectively the "defendants"), for legal malpractice. The defendants move to dismiss under Rule 12(b)(6) because the premise of the Complaint is refuted by documents that are referenced in and are integral to it.

1.   Donovan was employed by Raytheon Company ("Raytheon") as a human resources executive. On behalf of Donovan, the defendants drafted a second amendment (the "Second Amendment") to his employment agreement with Raytheon. The Second Amendment enhanced some of Donovan's employment benefits. The Second Amendment was signed on behalf of Raytheon by its Chairman and Chief Executive Officer, Daniel Burnham ("Burnham").

2.   After Donovan resigned from Raytheon, Raytheon declined to provide Donovan the benefits in the Second Amendment. Raytheon asserted that the Second Amendment had not

been approved by the company's Board of Directors and that Burnham was not authorized to sign it.

3. As a result of Raytheon's refusal to provide certain of the benefits contained in the Second Amendment, Donovan has sued the defendants for negligence and four related causes of action. Donovan's overarching allegation is that the defendants failed to determine that Burnham was authorized to execute the Second Amendment on Raytheon's behalf.

4. The Complaint should be dismissed under Rule 12(b)(6) because the express terms of the Second Amendment defeat Donovan's claims.

5. In drafting the Complaint, Donovan was careful to avoid disclosing to the Court the relevant provisions of the Second Amendment. He purposely did not quote the Second Amendment or attach it to the Complaint. He did not do so because he is aware that the Second Amendment contradicts the premise of the Complaint and proves that he is not entitled to any relief.

6. When he signed the Second Amendment, Burnham represented that he was doing so as Chairman and CEO of Raytheon. He also represented that "this Amendment received the required reviews and approvals of the Company's Board of Directors and its Management Development and Compensation Committee," and that "all necessary approvals of any board, committee, body, or other person have been obtained." And Burnham represented that he was "duly authorized to execute this Amendment on behalf of the Company."

7. Burnham's representations – which were secured by the defendants – were representations of Raytheon's Chairman of the Board and CEO made in his capacity as Chairman and CEO. These representations in and of themselves refute the claim that the defendants failed to determine whether Burnham was authorized to sign the Second Amendment

-3-

for Raytheon. The relevant case law teaches that it was reasonable for the defendants to rely on Burnham's representations. At a minimum, Burnham had apparent authority to represent that the Second Amendment had properly been approved and to sign the Second Amendment on Raytheon's behalf. As a matter of law it was not malpractice for the defendants to rely on Burnham's unqualified representations of approval and authority. For this reason alone, the Complaint should be dismissed.

8. The Complaint also should be dismissed because Donovan has failed to adequately plead causation. Donovan does not allege in the Complaint that Raytheon or anyone else would have provided him with the disputed benefits but for the defendants' alleged negligence. Because causation is a required element of each of Donovan's purported causes of action, Donovan's failure to plead it adequately requires that each claim be dismissed.

9. Pursuant to Local Rule 7.1(2), I certify that I have conferred with plaintiff's counsel, David Valicenti, and that he does not consent to this Motion.

**REQUEST FOR ORAL ARGUMENT**

10. The defendants request that the Court hear oral argument on this Motion since they believe it will assist the Court in resolving the issues presented by the Motion.

WHEREFORE, for these and the other reasons set forth in the Memorandum in Support of Defendants' Motion to Dismiss filed herewith, the defendants respectfully move that the Court dismiss the Complaint.

    Respectfully submitted,

    MINTZ, LEVIN, COHN, FERRIS,
    GLOVSKY AND POPEO, P.C.,
    ROBERT M. GAULT,
    PETER J. MARATHAS, JR.,

    By their attorneys,

    */s/ Kevin P. Light*
    Robert S. Frank, Jr. (BBO No. 177240)
    Kevin P. Light (BBO No. 300110)
    Paul D. Popeo (BBO No. 567727)
    CHOATE, HALL & STEWART
    Exchange Place
    53 State Street
    Boston, MA 02109
    (617) 248-5000

Dated: October 26, 2004

3760790v1

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/~~HAND~~ ON: 10/26/04

*/s/ K.P. Light*

-4-