UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DENNIS M. DONOVAN,

      Plaintiff,

v.

MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY AND POPEO, P.C.,
ROBERT M. GAULT, individually, and
PETER J. MARATHAS, JR.,
individually,

      Defendants.

Civil Action No.:
04-12110 (MLW)

## AMENDED COMPLAINT
(Jury Trial Requested)

### Introduction

This is an action for legal malpractice, misrepresentation, equitable estoppel and violations of M.G.L. c. 93A based upon the Defendants' legal representation of Plaintiff Dennis M. Donovan in connection with his employment agreements with Raytheon Company ("Raytheon"). The Defendants, who represented Donovan in connection with the agreements failed to ensure that an amendment to the agreements was properly authorized or approved by Raytheon. As a result, Mr. Donovan lost approximately $20 million in retirement and insurance benefits.

### Parties

1.  Plaintiff Dennis M. Donovan ("Donovan") resides at 5096 Long Island Drive, Atlanta, Georgia. From October 1998 to April 2001, Donovan was Senior Vice President of Human Resources at Raytheon, which is located in Lexington, Massachusetts. He is currently

the Executive Vice President of Human Resources for The Home Depot, Inc. ("Home Depot").

2. Upon information and belief, Defendant Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. ("Mintz Levin") is a professional corporation organized under the laws of Massachusetts. Mintz Levin is a law firm with a principal place of business at One Financial Center, Boston, Massachusetts.

3. Upon information and belief, Defendant Robert M. Gault ("Gault") resides in Massachusetts. Gault is an attorney admitted to practice law in Massachusetts and a partner at Mintz Levin. Gault is the Chairman and Manager of Mintz Levin's Employment, Labor and Benefits Department and held himself out to Donovan as having a specialization and expertise in the area of employment contracts and executive compensation.

4. Upon information and belief, Defendant Peter J. Marathas, Jr. ("Marathas") resides in Massachusetts. Marathas is an attorney admitted to practice law in Massachusetts and a member of Mintz Levin. Marathas is a member of Mintz Levin's Employment, Labor and Benefits Department and held himself out to Donovan as having a specialization and expertise in the area of employment contracts and executive compensation.

### Jurisdiction and Venue

5. This is an action for legal malpractice, misrepresentation, equitable estoppel and violations of M.G.L. c. 93A. There is complete diversity between the parties. The amount in controversy exceeds $75,000 exclusive of interest and costs.

6. This court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and has jurisdiction over the Defendants because they reside in this District.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) because the Defendants reside in the District.

## Facts

8. Donovan is a top human resources executive. He has received acclaim in his field and is recognized for his ability to plan and implement large-scale business change in complex corporate organizations. Among other achievements, Donovan is the designer of a change model for large corporations useful in integrating acquisitions and improving competitive position. In recognition of his achievements and contributions to the profession, Donovan was elected as a Fellow in the National Academy of Human Resources, an honor considered the most prestigious in the field of human resources. Donovan was recently named HR Executive of the Year by the *Human Resources Executive Magazine*. Donovan is a frequent lecturer at professional associations, corporations, colleges and universities.

9. Mintz Levin is a leading national law firm with more than 450 attorneys. Many of Mintz Levin's clients are major publicly held corporations. Mintz Levin's website states that its lawyers possess "exceptional depth of expertise" in employment law. It also states the following:

- Mintz Levin has a practice area, with 20 lawyers, dedicated to Employment, Labor and Benefits law.

- Mintz Levin's Employment and Labor practice regularly counsels clients on "[d]rafting and reviewing critical employment documents, such as employment agreements..."

- Mintz Levin's Benefits and Compensation practice offers a team of experienced and skilled lawyers.

- Mintz Levin provides clients with informed advice on current trends in employment and compensation practices.

- One of Mintz Levin's "Areas of Focus" is Executive Compensation.

10. In 1998, Donovan signed an employment agreement with Raytheon. Mintz Levin represented Donovan in negotiating and drafting the detailed terms of the agreement. His principal contact at Mintz Levin was Defendant Gault. Defendant Marathas worked with Gault on Donovan's employment matters.

11. In 2000, Donovan signed an amendment to his employment agreement. ("The Second Amendment"). Numerous times in January and February 2000, Defendants Gault and Marathas assured Donovan that they would do everything that could be done to ensure the enforceability of the Second Amendment. These assurances were made in telephone conversations. Upon information and belief, Defendants Gault and Marathas were in their office in Boston when they made these assurances.

12. The Defendants did not ascertain whether the officer of Raytheon who signed the Second Amendment had authority to do so and did not obtain verification that Raytheon's Management Development and Compensation Committee ("MDCC") or Board of Directors reviewed and approved the Second Amendment. The Defendants did not obtain a copy of the minutes of the MDCC or Board meetings to confirm that the Second Amendment was properly approved and did not conduct the factual or legal research necessary to determine if the Second Amendment could be signed by the officer who signed it without such approval.

4

13. Because the Second Amendment was not properly approved, and because the officer who signed the Second Amendment did not have authority to sign it, Donovan has lost the value of the benefits in the agreement. If Donovan was aware that the Second Amendment was not properly approved, he would have taken steps to secure its approval and, upon information and belief, would have obtained proper approval for the Second Amendment. If approval was not obtained, Donovan would have accepted an employment offer from General Electric, which would have provided him with additional benefits. Either way, Donovan would have received substantial increased benefits, of which he has been deprived.

14. In April 2001, Donovan resigned from Raytheon to take a senior position at Home Depot.

15. When Donovan was considering the move to Home Depot, he contacted the Defendants and asked them to reconfirm that Raytheon was bound under the initial contract and the Second Amendment. Donovan stressed that this was of critical importance. Numerous times from December 2000 through March 2001, Defendants Gault and Marathas again assured Donovan that all possible steps would be taken to ensure the enforceability of the Second Amendment. These assurances were made in telephone conversations. Upon information and belief, Defendants Gault and Marathas were in their office in Boston when they made these assurances.

16. Gault prepared a letter agreement and had a Raytheon officer execute it to purportedly confirm that the Second Amendment was fully enforceable. The Defendants did not ascertain whether the officer who signed the letter agreement on Raytheon's behalf was

legally authorized to sign it. The Defendants did not obtain verification from the MDCC or the Board of Directors indicating that they reviewed and approved the letter agreement.

17. Mintz Levin represented Donovan with respect to his employment contract with Home Depot. In the employment negotiations, the benefits contained in his agreement with Raytheon were disclosed, including those arising solely under the Second Amendment. As a consequence, Home Depot did not provide certain benefits to Donovan. Donovan believed that he had no reason to seek the benefits from Home Depot based upon the executed agreements and the advice he received from the Defendants. If Donovan knew that the Second Amendment was not binding on Raytheon, he would have requested additional retirement and insurance benefits from Home Depot and, upon information and belief, Home Depot would have provided additional benefits. Even if Donovan remained at Raytheon without the benefits in the Second Amendment, he would have eventually received additional benefits under his original employment agreement. Again, either way, Donovan would have received substantial increased benefits of which he has been deprived because of his reliance on the Second Amendment.

18. Mintz Levin was paid in excess of $120,000 to provide legal representation for Donovan in connection with his labor and employment agreements and related estate planning.

19. This Complaint seeks to recover damages from the lawyers who worked on Donovan's matter and Mintz Levin, for their failure to exercise the required diligence, skill, and care in confirming that Raytheon was bound to provide benefits under the Second

Amendment to Donovan and for their false assurances to Donovan that they had done everything possible to ensure the enforceability of the agreements.

## COUNT I
## Legal Malpractice - Negligence

20. Donovan incorporates preceding paragraphs 1-19 as if fully alleged in this Count.

21. The Defendants and Donovan maintained an attorney-client relationship.

22. The Defendants represented themselves as having specialization and expertise in the area of employment contracts and executive compensation and had a duty to exercise a reasonable degree of diligence, skill and care in the performance of legal tasks on Donovan's behalf.

23. The Defendants breached their duty by failing to exercise a reasonable degree of diligence and skill.

24. The Defendants' breach of duty directly and proximately caused actual harm to Donovan.

25. As a result, Raytheon has failed and refused to pay to Donovan the benefits provided for in the Second Amendment. Donovan has been damaged in an amount not less than $20 million and is entitled to compensatory damages, disgorgement of the fees paid to Mintz Levin and other damages.

## COUNT II
## Legal Malpractice - Breach of Contract

26. Donovan incorporates preceding paragraphs 1-25 as if fully alleged in this Count.

27. The Defendants agreed with Donovan that they would exercise a degree of care and skill in the performance of their legal duties as qualified practitioners with a specialization and expertise in the area of employment contracts and executive compensation.

28. The Defendants breached their agreement by failing to provide legal advice and services to Donovan with proper diligence, skill and care.

29. The Defendants' breach directly and proximately caused harm to Donovan.

30. As a result, Donovan has been damaged in an amount not less than $20 million and is entitled to compensatory damages, disgorgement of the fees paid to Mintz Levin and other damages.

## COUNT III
## Violation of M.G.L. c. 93A § 2(a) and 9

31. Donovan incorporates preceding paragraphs 1-30 as if fully alleged in this Count.

32. The Defendants are engaged in trade or business within the meaning of M.G.L. c. 93A.

33. The Defendants held themselves out to Donovan as having a specialization and expertise in the area of employment contracts and executive compensation.

34. The Defendants represented to Donovan that they had taken all possible actions to ensure the enforceability of Donovan's employment agreements.

35. The assurances of the Defendants were conduct that was capable of deceiving Donovan and was likely to mislead Donovan.

36. Donovan acted reasonably and relied upon the Defendants' assurances by foregoing employment opportunities and employment benefits from employers.

37. The acts of the Defendants in the conduct of their business, as to the consumer Donovan, are unfair and deceptive acts or practices within the meaning of the Massachusetts Consumer Protection statute, M.G.L. c. 93A § 2(a) and 9, and the regulations promulgated thereunder.

38. The acts of the individual Defendants were at all times in the scope of their employment and were motivated by the individual Defendants' desire to serve Mintz Levin's interests. Mintz Levin is therefore liable for the acts of the individual Defendants.

39. On or about July 1, 2004, Donovan served on the Defendants a demand letter seeking appropriate restitution for the damages caused by the Defendants, in accordance with M.G.L. c. 93A §9(3). The Defendants responded to the 93A Demand Letter with a settlement offer of $60,000. This settlement offer is not reasonable under the circumstances and/or was made in bad faith.

40. The Defendants' continued failure to grant relief upon demand was in bad faith and with reason to know that the acts complained of were in violation of M.G.L. c. 93A.

41. As a result, Donovan has been damaged in an amount not less than $20 million and is entitled to compensatory damages, disgorgement of the fees paid to Mintz Levin, multiple damages, costs and attorneys' fees associated with this action and other damages.

## COUNT IV
### Negligent Misrepresentation

42. Donovan incorporates preceding paragraphs 1-41 as if fully alleged in this Count.

43. The Defendants supplied false information and made false statements to Donovan with regard to his employment agreements.

44. The Defendants represented that they would take all possible actions to ensure that the benefits under the Second Amendment were enforceable.

45. The Defendants failed to exercise reasonable care or competence in communicating the false representations to Donovan.

46. Donovan reasonably and justifiably relied on the Defendants' false statements to his detriment by foregoing employment opportunities and employment benefits from employers.

47. The Defendants had actual knowledge of Donovan's reliance on their false statements and made the false statements with the intention that Donovan would rely on them.

48. Donovan suffered financial loss and is entitled to damages in an amount not less than $20 million.

## COUNT V
### Equitable Estoppel

49. Donovan incorporates preceding paragraphs 1-48 as if fully alleged in this Count.

50. The Defendants made representations to Donovan in connection with his employment agreements.

51. The Defendants represented that they would take all possible actions to ensure that the benefits under the Second Amendment were enforceable.

52. Donovan reasonably relied on the Defendants' representations and conduct by foregoing employment opportunities and employment benefits from employers.

53. The Defendants knew or should have known that Donovan would rely on their conduct and representations.

54. Donovan's reliance was to his detriment, and he has been damaged in an amount not less than $20 million.

55. Injustice can only be avoided by having the Defendants compensate Donovan for the damages he has suffered.

**WHEREFORE**, Plaintiff requests:

    A. Judgment against the Defendants, jointly and severally, in an amount to be determined upon trial of this matter;

    B. An award of multiple damages, costs, attorneys' fees and interest;

    C. Such other and further relief as may be in the interest of justice.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

                                      Respectfully submitted,

                                      Dennis M. Donovan,

                                      By his attorneys,

                                      _____
                                      Daniel R. Solin, Esq. (BBO# 556342)
                                      66 West Street, 3rd Floor
                                      Pittsfield, Massachusetts 01201
                                      (413) 443-7800

                                      _____
                                      Kevin M. Kinne, Esq. (BBO# 559004)
                                      David E. Valicenti, Esq. (BBO# 632980)
                                      CAIN HIBBARD MYERS & COOK, PC
                                      66 West Street, 3rd Floor
                                      Pittsfield, Massachusetts 01201

Dated: November 4, 2004            (413) 443-4771


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on November 4, 2004.

                                      _____
                                      David E. Valicenti